E-FILED
Monday, 21 September, 2026 02:15:01 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| TRAVAUGHN MILLER, AS ADMINISTRATOR FOR THE ESTATE OF TERRELL MILLER, and KEIANNA MILLER, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:26-cv-04070-SLD-RLH |
| CITY OF MACOMB and NICK GOC, | ) | |
| Defendants. | ) | |

ORDER

This case involves the tragic death of four-year-old Terrell Miller. Plaintiffs Travaughn Miller, as administrator of Terrell's estate, and Keianna Miller, his mother, bring suit against Defendants the City of Macomb ("the City") and Nick Goc, Lieutenant with the Macomb Police Department, for Terrell's shooting. Before the Court is Defendants' partial motion to dismiss, ECF No. 11, asking the Court to dismiss Plaintiffs' state law counts as untimely filed. For the reasons that follow, the motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND[1]**

On March 16, 2024, Goc and Korri Cameron, another officer with the Macomb Police Department, were dispatched to an apartment building at 915 N. Charles Street in Macomb in response to multiple 911 calls reporting that there was a female in one of the units calling for help. After arriving and being directed to apartment #6, Goc knocked on the door and was

[1] Unless otherwise stated, the facts described in this section are as alleged in Plaintiffs' complaint, ECF No. 1. For the sake of ruling on the motion to dismiss, the Court "accept[s] as true all factual allegations in the . . . complaint and draw[s] all permissible inferences in [Plaintiffs'] favor." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

answered by two voices—a male voice asking "who is it?" and a female voice yelling for help and screaming what sounded like "he's stabbing me." Compl. 5, ECF No. 1. Goc kicked in the door and entered with his duty weapon drawn. He immediately encountered Keianna coming down a hallway, visibly distressed. A male, Anthony George, was visible behind Keianna, about 15 feet in front of Goc. George was naked and holding a knife. Goc instructed Keianna to leave the apartment, but she hesitated, gestured toward the hallway, and said, "my son's in there." *Id.* at 6. She eventually followed Goc's directions to leave the apartment.

During Goc's exchange with Keianna, George entered one of the bedrooms and re-emerged holding Terrell, Keianna's son. Terrell was held in such a way that only George's limbs and head were visible. Terrell was screaming in fear and confusion. George, still holding the knife, took one or two steps into the hallway but did not move towards Goc. Goc advanced towards George and Terrell and, when he was about 5 feet away from them, fired a single shot. The bullet hit Terrell in the head and passed into George's neck. The shot was fired only 19 seconds after Goc kicked down the door. Terrell and George were both pronounced dead at the scene. At no point did Goc attempt to de-escalate.

Goc was distressed. He immediately shouted "fuck" and "no, no, no," and later, sitting in a squad car, said "I killed a baby." *Id.* at 7–8. Lieutenant Todd Tedrow responded "[y]ou're alright, you're okay" and said, "[w]e're going to take care of this." *Id.* at 8. On December 18, 2024, Tedrow—Chairperson of the Macomb Police Department Deadly Force Review Board—signed off on the investigation of Goc, clearing him of any wrongdoing.

On March 15, 2026, Plaintiffs filed a five-count complaint against Goc, in his individual capacity, and the City. In it, Terrell's estate seeks to recover from Goc for a violation of Terrell's substantive due process rights under the Fourteenth Amendment (Count I) and for

Terrell's wrongful death caused by willful and wanton misconduct (Count II). It also seeks to recover from the City under theories of *respondeat superior* (Count III) and indemnification (Count IV). Keianna seeks recovery from Goc for intentional infliction of emotional distress (Count V).

Defendants now move to dismiss Counts II to V of the complaint, arguing that they are untimely under the one-year statute of limitations in the Illinois Tort Immunity Act, 745 ILCS 10/1-101 to 10/10-101. Plaintiffs did not file a response.

## DISCUSSION

### I. Legal Standard

A court will dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether a complaint states a claim, a court considers whether a complaint's "well-pleaded factual allegations . . . plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court conducting this review must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012).

"Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). However, "dismissal at this early stage is appropriate when the complaint alleges facts

sufficient to establish that the suit is indeed tardy." *Amin Ijbara Equity Corp. v. Village of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017).

## II. Analysis

The Illinois Tort Immunity Act's statute of limitations provides:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

745 ILCS 10/8-101(a). Subsection (b) extends the statute of limitations by up to three years for cases involving injury or death "arising out of patient care." Section 10/8-101 applies to actions brought against municipal employees in their individual capacities. *Griffin v. Willoughby*, 867 N.E.2d 1007, 1012 (Ill. App. Ct. 2006). Because none of the allegations in this case involve patient care, Plaintiffs had one year "from the date that the injury was received or the cause of action accrued" to commence a civil action. 745 ILCS 10/8-101(a).

Plaintiffs bring Count II pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 to 2.2. Compl. 16–18. An action under that statute accrues at the time of the decedent's death, *Turcios v. DeBruler Co.*, 32 N.E.3d 1117, 1123 (Ill. 2015), in this case March 16, 2024. Since Plaintiffs did not file suit until almost two years later, on March 15, 2026, Count II is untimely and must be dismissed.

Count V alleges that Goc intentionally inflicted emotional distress upon Keianna. Compl. 20. "The limitations period for an IIED claim 'accrues, and the statute of limitations begins to run, at the time the last injurious act occurs or the conduct is abated.'" *Curry v. Guzman*, No. 22 C 757, 2026 WL 1091355, at *2 (N.D. Ill. Apr. 22, 2026) (quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 89 (Ill. 2003)). Plaintiffs' complaint does not allege any actions of

Goc after March 16, 2024. *See generally* Compl. As such, the one-year statute of limitations began to run on that date, and Count V is also dismissed as untimely.

Counts III and IV seek to recover from the City for the violations alleged in Counts I, II, and V. Compl. 18–20. The City argues that these claims "should be dismissed as time-barred and because the substantive claim upon which they are based" have been dismissed. Mot. Dismiss 9. The only remaining substantive count is Count I, alleging that Goc violated Terrell's rights under the Fourteenth Amendment. Compl. 13–16. It is brought under 42 U.S.C. § 1983. *Id.* Count III, seeking recovery under a theory of *respondeat superior*, *id.* at 18–19, must therefore be dismissed because a municipality cannot be held vicariously liable under 42 U.S.C. § 1983 for the actions of its agents. *First Midwest Bank v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021). However, pursuant to 745 ILCS 10/9-102, a municipality can still be required to indemnify an employee who is held liable for a violation of federal law under § 1983. *See, e.g.*, *Yang v. City of Chicago*, 198 F.3d 630, 632 (7th Cir. 1999). And the indemnification claim does not run afoul of the statute of limitations because a cause of action for indemnification does not accrue until the actual obligation to pay arises, generally following either an agreement to settle or the entry of judgment. *In re Marriage of Hopwood*, 882 N.E.2d 205, 208 (Ill. App. Ct. 2008); *Esparza v. Dart*, No. 14 CV 1390, 2014 WL 5628050, at *2–3 (N.D. Ill. Nov. 4, 2014). Since the cause of action underlying Count IV has not yet accrued, it is not time-barred.[2] As such, it would be improper to dismiss Count IV on these grounds.

[2] Although the cause of action has not yet accrued, Plaintiffs may bring Count IV already at this stage since "Illinois law allows the . . . indemnity claim to be filed before it accrues, in order to promote settlement of all claims in one action." *Guzman v. C.R. Epperson Constr., Inc.*, 752 N.E.2d 1069, 1075 (Ill. 2001) (quotation marks omitted).

## CONCLUSION

Accordingly, Defendants the City of Macomb and Nick Goc's motion to dismiss, ECF No. 11, is GRANTED IN PART and DENIED IN PART. Counts II (wrongful death) and V (intentional infliction of emotional distress) are dismissed as time-barred, and Count III (*respondeat superior*) is dismissed because there are no remaining substantive counts to which it might apply. However, Count IV (indemnification) survives because the City of Macomb may be required to indemnify Goc if he is held liable for the Fourteenth Amendment violation alleged in Count I. Since the only count brought by Plaintiff Keianna Miller is dismissed, the Clerk is DIRECTED to terminate her as a party on the docket.

Entered this 21st day of September, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE